CHARLES J. HERSON
*vs.*
WILLIAM R. CHARLTON

Cumberland.   Opinion, August 18, 1955.

*Clifford & Clifford,* for plaintiff.

*Verrill, Dana, Walker,*
*Philbrick & Whitehouse,* for defendant.

SITTING: FELLOWS, C. J., WEBBER, BELIVEAU, TAPLEY, JJ.
WILLIAMSON, J., did not sit.   MR. JUSTICE TIRRELL sat at
the time of argument and took part in conference but died
before writing of the opinion.

BELIVEAU, J.   On exception.   On motion of the defend-
ant, the presiding justice, at the close of the evidence,
granted a motion for a directed verdict in his favor, on the
ground that the plaintiff was not free of contributory negli-
gence and because of that was not entitled to recover. The
ruling was correct.

This is an action to recover damages because of an automobile collision which occurred late in the afternoon of September 29, 1953, in the town of Poland, at the intersection of Routes 11 and 26. The plaintiff was driving westerly on Route 11, coming from Mechanic Falls, and the defendant driving southerly on Route 26 in the direction of the town of Gray. The plaintiff's testimony is that as he approached the intersection, he stopped at the stop sign, about 40 feet from the edge of Route 26 and because his view was obstructed, again started his car, moved to the edge of Route 26, looked northerly a distance of some 250 feet, and did not see anything coming from that direction. He then proceeded to cross.

There is conflict in the testimony as to just where the collision occurred. It is the plaintiff's contention that he crossed the intersection, swung to his left and had gone the distance of three or four car lengths before he was struck in the rear by the truck operated by the defendant.

The defendant stated in his testimony, that the plaintiff had not completed the turn when the collision occurred.

The plaintiff must prove negligence of the defendant and exercise of due care on his part. If he fails in either he cannot recover.

We are concerned solely with the conduct of the plaintiff, which the justice below ruled as a matter of law, was negligent. There is no occasion, or need to discuss the negligence of the defendant. It is well known law that if the plaintiff is guilty of contributory negligence to any degree, then he cannot recover, even though the defendant was also negligent.

We have, first, the admission of the plaintiff that while he stopped at the very edge of the pavement on Route 26, he looked northerly a distance of 250 feet and saw nothing. The only conclusion to be reached is that he failed to look,

or having looked, gambled on crossing the intersection, making the turn and continuing on his way before the defendant reached that point. The defendant was northerly of the intersection on Route 26 somewhere within a distance of at least 250 feet. Plaintiff's attempt to come into the intersection under those circumstances was in and of itself negligent and at least a contributing factor.

The vehicle of the defendant approaching the intersection on the plaintiff's right had the right of way. Section 86 of Chapter 22 of the Revised Statutes.

In *Gregware* v. *Poliquin,* 135 Me. 139, the court in that case stated, as a rule of law, that if there is doubt that a safe crossing may be made, one traveling from the left is required to stop.

As before stated that the plaintiff testified that he had gone three or four car lengths (he estimated the length of his car at from 12 to 14 feet) from the intersection when he was struck—it means the plaintiff had traveled from 42 to 56 feet and probably not more than 75 feet after he entered the intersection. The distance traveled is more evidence of the plaintiff's negligence because 75 feet, in so far as automobiles in motion are concerned, is an exceedingly short distance and allows little if anything for safety.

However, the most damaging evidence of the plaintiff's negligence is in defendant's exhibit No. 7, showing the damage to the plaintiff's car. That clearly shows it was struck at a point immediately in the rear of the right rear tire and no damage to the other side of the rear end. This could not possibly have occurred if the plaintiff was traveling in a straight line on Route 26, with the defendant's truck going in the same direction and striking him as the plaintiff claims, from the rear. It would have been impossible for the defendant to collide with the plaintiff, as he claims, unless that car was at the time of the collision, directly or almost directly across Route 26 at the intersection.

To further support the situation it is admitted that the defendant's truck landed on the left-hand side of the road after the collision and the plaintiff's car to the right.

There was also evidence that the investigating officer found scuff marks directly under the blinker light at the intersection.

Where physical evidence is available it must, when it contradicts that of eye witnesses and parties interested in the outcome, as in this case, control and be decisive. *Esponette* v. *Wiseman*, 130 Me. 297.

The physical evidence demonstrated clearly plaintiff's negligence.

*Exception overruled.*