JOHN PALMITESSA
*vs.*
ROBERT A. SHAW

York. Opinion, October 30, 1961.

Waterhouse, Spencer & Carroll
 By Harold D. Carroll, for plaintiff.

Robinson, Richardson & Leddy
 By Richard D. Hewes, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN
DUBORD, SIDDALL, JJ.

SULLIVAN, J. Plaintiff had sued defendant for personal injuries and property damages which the former asserted he had sustained because of the latter's negligence which had induced a collision between automobiles operated by the parties. A jury trial was had. At the close of all the evidence defendant on the ground of insufficiency of the evidence moved for a directed verdict which was denied him.

After verdict for the plaintiff defendant upon the same ground unsuccessfully sought judgment notwithstanding the verdict and also a new trial. Defendant appealed. Maine Rules of Civil Procedure, Rule 50, 155 Me. 548.

All three of defendant's motions yielded identical issues, whether the plaintiff at the trial had presented evidence which with all fair inferences therefrom would warrant a reasonable jury in finding the defendant negligent and whether such negligence had been a proximate cause of the resultant misfortune. Maine Civil Practice, Field and Mc-Kusick, P. P. 409, 411, 415 and authorities cited. The rectitude of the decision of the trial court is now the inquiry of this review.

The burden of demonstrating that the verdict which was rendered is manifestly wrong rests here upon the defendant. *Witham* v. *Quigg*, 146 Me. 98, 103. He must make it apparent that such verdict was produced by prejudice, bias or mistake. *Jannell* v. *Myers*, 124 Me. 229, 230. The evidence must be regarded in the light most favorable to the successful plaintiff. *Bragdon* v. *Shapiro*, 146 Me. 83, 84.

There follows an abstract of the testimony advantageous to the plaintiff.

A two lane surfaced highway extends from Biddeford to Alfred, east to west. On its northern side is Maling's Garage in front of which is a broad and flat parking area with two gasoline pumps. The road is there level but 600 feet easterly toward Biddeford is a knoll or hill.

On January 18, A. D. 1960 about 4 P. M. in daylight and fair weather the plaintiff a man of 71 years drove his automobile from Maling's garage lot to the northerly edge of the road. Before entering upon the highway he looked left and right, stopped and again looked left. He saw nothing approaching and started across the highway. When he reached the center of the road his car was facing easterly

toward Biddeford with its rear on the north lane. At the peak of the hill 500 or 600 feet away he then saw the truck operated by the defendant "pop over the hill. One moment I saw him I didn't have a chance to straighten out; he was on top of me - - - - Nothing I can do no more. He was on top of me."

Defendant's vehicle struck the left center portion of plaintiff's car. Plaintiff was thrown to the ground from the driver's side of his automobile and landed at the road's center. The contact had occurred at the medial line of the highway and at that instant plaintiff's car was partly on the southerly lane, in part upon the northerly lane and not quite straightened easterly. Defendant told plaintiff, "it was icy, he couldn't stop." At 25 or 30 or 100 feet to the east from the point of collision was an area of ice which extended eastward upon the road for one hundred feet.

The collision diverted plaintiff's car to its left and northerly so that it was halted at the Maling gasoline pumps. Plaintiff's automobile was in motion continuously from plaintiff's entry upon the public way until it came to rest following the impact of defendant's truck. Plaintiff's only expressed judgment of defendant's speed is that defendant's truck popped over the hill.

A photographic exhibit showing a clear broad and hard surfaced area to the north of and adjoining the westerly lane of the highway and upon the Maling Garage property opposite the point of collision was introduced in evidence by the defendant.

Plaintiff testified that his car moved in gear from the moment when he entered upon the two lane highway until his vehicle became arrested at the gasoline pump after the collision. He asserted that his automobile was across the center lane of the highway angled toward Biddeford with its front upon the Biddeford or easterly lane and with its

rear resting upon the westerly or Alfred lane when he first noticed the defendant operating the truck on the crest of the hill 500 or 600 feet distant. Plaintiff's car was moving at the moment of collision. He landed upon the middle of the highway after the encounter of the motor vehicles. Physical evidence, the residual dirt from the bottom of his car, shattered glass, etc., was in the center of the road following the impact of the automobiles, "just about on the yellow line." It is, therefore, the narration of the plaintiff that his car was progressing and yet immobile while the defendant's truck sped 500 or 600 feet. The principle of contradiction is elementary: "nothing can both be and not be at the same time under the same respect."

Suffice it to say that it is impossible to accept as objective reality and fact indispensable details of the evidence most favorable to the plaintiff. Nor can we supply conjecture, nor employ imagination.

"The burden which the proponent of a motion to overturn a verdict assumes, has been long and often declared. In determining the issue the Law Court must proceed upon the theory that the jury had a right to accept the testimony of the plaintiff's side as true, and to reject all the testimony of the defendant's side as untrue, mistaken, or unsatisfactory, unless the testimony, including the circumstances and probabilities, reveals a situation that proves the testimony on the plaintiff's side to be inherently wrong."

*Sanborn* v. *Stone,* 149 Me. 429, 433.

"- - - Uncontroverted and undisputed physical facts may completely override the uncorroborated oral testimony of an interested witness which is completely inconsistent with those physical facts, and natural and physical laws have universal application and may not be disregarded - - - -"

*Jordan* v. *Portland Coach Co.,* 150 Me. 149, 158.

We find that the justice presiding erroneously denied the motion for judgment notwithstanding the verdict and direct the entry of judgment for the defendant.

*Appeal sustained.*

*Entry of judgment for defendant directed.*