BOWE et al.

v.

WILLIS et al.

Supreme Judicial Court of Maine.

Aug. 2, 1974.

Pierce, Atwood, Scribner, Allen & Mc-Kusick, by Ralph I. Lancaster, Jr., Portland, for Bowe.

Charles W. Smith, Saco, for Curran & Joy.

Preti & Flaherty, by Gerald F. Petruccelli, John J. Flaherty, Portland, for Joy.

Hewes & Cully, by Richard D. Hewes, Portland, for Willis & Phinney.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

It was a beautiful August day in 1971. The sun had been shining brightly and the sky was clear of clouds. Three ladies, Miss Joy, Miss Bowe and Miss Curran were enroute to a restaurant in Kennebunk.

The three were traveling in a southerly direction along the Maine turnpike northerly of the Kennebunk exit, they having entered the Maine turnpike at the Biddeford entrance. The automobile in which the ladies were riding was a Chevrolet Bel-Air driven by Miss Joy.

All was well with the world.

The ladies were obviously looking forward to a pleasant dinner together.

Suddenly tragedy struck.

A collision occurred which resulted in serious injuries to Miss Bowe from which she ultimately died, and both Miss Curran and Miss Joy were injured.

As chance would have it, as the ladies traveled along the turnpike a Volkswagen sedan driven by James Willis was being driven in the same direction following Miss Joy's automobile.

Miss Donna Phinney, the owner of the Volkswagen was a passenger in her automobile.

She was sleeping peacefully at the time of the collision. Miss Phinney and her friend, Willis, were enroute to Long Island, New York, from Nova Scotia. Both Willis and Miss Phinney escaped serious injury.

Several law suits resulted from the accident.

Miss Bowe sued her hostess, Miss Joy, and Mr. Willis and Miss Phinney. Miss Curran sued Willis and Miss Phinney. Miss Joy sued both Willis and Miss Phinney. Both Willis and Miss Phinney sued Miss Joy for contribution.

All actions were bottomed on Maine's *"comparative negligence statute,"* 14 M.R.S.A. § 156.

Subsequent to suit being commenced, Miss Bowe's death occurred and her Executor was substituted as party plaintiff in her stead.

After hearing all the evidence in the case, the jury found Willis free of causative fault and assigned full causative fault for the accident to Miss Joy.

Judgment was entered accordingly in all actions.

After numerous post-trial motions had been filed, heard and decided as hereinafter described, these appeals resulted.

All appeals are denied.

Miss Joy's version of the accident was, in brief, that as she was proceeding down the highway at a moderate rate of speed she suddenly was aware that her vehicle had been run into by a vehicle which had been approaching her from the rear. Her claim was that at the time of the collision she was in the righthand traveling lane of the turnpike.

It is argued that the collision caused her automobile to go out of control and travel sharply to the left, across the passing lane, across the median strip and come to rest in the ditch completely across the entire northbound portion of the turnpike hard against a tree.

On the other hand, Willis and Miss Phinney (whose alleged liability was vicarious) claimed Willis was proceeding southerly in the passing lane and while attempting to pass Miss Joy's car, it suddenly swerved from the driving lane directly into his path so close a collision could not be avoided.

Photographs introduced at the trial demonstrate that the contact with Miss Joy's car occurred slightly forward of the rear bumper on the left rear fender.

Subsequent to trial and the entry of judgment in favor of Willis and Miss Phinney, Miss Joy filed motions for judgment n. o. v. and motions for a new trial under Rule 59, M.R.Civ.P. Miss Curran likewise filed post-judgment motions.

All motions were denied.

The following appeals were then seasonably taken:

1. Appeal by Helena Joy against Willis and Donna Phinney from the orders and judgments denying plaintiff Helena Joy's motion for judgment n. o. v. or for new trial.

2. Appeal of Edna Curran from the judgment entered in favor of James Willis, Jr., and Donna Phinney, as defendants in her action against them and from the orders and judgment denying the plaintiff Edna Curran's motion for judgment n. o. v. or for new trial.

3. Appeal of Vincent McKusick, Esq., Executor u/w/o Arline Bowe *"from so much of the final judgment dated July 19, 1973 and docketed on July 30, 1973 as provided that judgment*

*was entered for the defendants Willis and Phinney."*

4. The appeal of Helena Joy, defendant in the action of Arline Bowe, plaintiff, v. James M. Willis, Jr., and Donna Phinney *"from the final judgment dated July 19, 1973 and docketed on July 30, 1973 and from the Orders and Judgments denying the Defendant, Helena Joy's, Motion for Judgment N.O.V. or for New Trial."*

Disposition can be had of all these matters together.

Appellant Joy's contention is that the jury verdict should not be allowed to stand because it is based on a factual premise shown by the physical evidence to be fundamentally impossible *"according to immutable physical laws."*

We do not agree.

The record demonstrates a sharp conflict in the evidence presented on behalf of Willis and that presented on behalf of Miss Joy.

Willis' testimony in clear and unequivocal terms was that he observed the Joy automobile slowed down as if to stop while it was traveling in the traveling lane of the turnpike; that he snapped on his directional blinker and commenced to negotiate a passing of the Joy vehicle; and as he reached a point very close to Miss Joy's automobile, her vehicle suddenly veered to its left, directly in his path; that he turned his vehicle hard to his right but was unable to avoid a collision. That the damage resulting from the collision was relatively minor is evidenced from a photograph of the Joy vehicle introduced into evidence.

A State Police Officer testified at some length to having observed marks on the highway which he described as *"lay-over marks"* which began in the right breakdown lane and led in the direction of where the Joy vehicle had crossed the median strip.

The Officer also testified that he had not seen these tire marks in the highway prior to the accident.

It is these tire marks or *"lay-over marks"* which have become the focal point of appellant's claim the jury verdict ought not be allowed to stand.

These marks, she says, constitute physical evidence in conflict with Willis' testimony, in the face of which, his testimony must be disregarded as contrary to *"immutable physical laws."*

At oral argument counsel for Miss Joy frankly conceded that no cause for complaint as to the validity of the jury's finding would exist absent the tire marks.

The tire marks, appellant Joy alleges, irrefragably establish that the collision took place while Miss Joy was driving in the driving lane, and a jury conclusion to the contrary is necessarily premised on an impermissible basis, i. e., guesswork and conjecture.

We find this contention to be untenable.

■ We find nothing in the record which *compels* the conclusion the marks on the highway were made by Miss Joy's automobile. The most that can be said of them is that they lead in the direction the Joy vehicle was ultimately found at rest against a tree and the Police Officer had not seen those particular marks on the highway prior to the accident.

Even assuming the marks were in fact made by the Joy vehicle, the damage to the left side rear of that vehicle could properly have been considered by the jury as *"the most damaging evidence,"* that the accident could not possibly have occurred if Miss Joy was traveling in a straight line on the turnpike with the Willis-driven Volkswagen going in the same direction and striking her as she claims from the rear. Her-

son v. Charlton, 151 Me. 161, 163, 116 A.2d 632, 634 (1955).

■ Appellant Joy asserts the now well established and oft-quoted rule that where physical evidence is available it must, when it contradicts that of eye witnesses, control and be decisive. Esponette v. Wiseman, 130 Me. 297, 155 A. 650 (1931); Jordan v. Portland Coach Co., 150 Me. 149, 158, 107 A.2d 416, 420 (1954); Palmitessa v. Shaw, 157 Me. 503, 174 A.2d 570 (1961).

■ In this case the total physical evidence, i. e., the marks on the road and the damage to the Joy vehicle, were equally consistent with the version of the accident given in behalf of Miss Joy and that given on behalf of Willis.

There was a conflict.

The weight to be given the testimony of the witnesses and the physical evidence was *". . . peculiarly within the province of the jury to determine."* Lerman v. O'Donnell, 137 Me. 329, 16 A.2d 109, 110 (1940).

■ In support of a post-trial motion Miss Joy's counsel presented the testimony of a University of Maine physics professor who undertook to reconstruct the accident. His conclusion, as stated over objection of counsel for Willis, was that there was no way the accident could have occurred in the manner Willis claims. The only way this evidence could possibly have been received properly was on the basis that it was claimed to be newly discovered evidence. Even treating the post-judgment motion as a motion for new trial based upon newly discovered evidence,[1] it must fail because it is not demonstrated the evidence could not have been discovered prior to or during the trial by the exercise of due diligence. State v. Casale, 148 Me. 312, 92 A.2d 718 (1952);[2] Rodrigue, et al.

---

1. It was not so labeled.

2. In *Casale* it was held that tests to be applied on motions for new trial based on newly discovered evidence are:

(1) that the evidence is such as will probably change the result if a new trial is granted,

(2) that it has been discovered since the trial,

v. Letendre, et al., 158 Me. 375, 184 A.2d 777 (1962).

■ In addition we conclude the professor should not have been permitted to present the opinion evidence.

The record is clear that he had never seen the vehicles and never checked the road surface where the accident occurred and never had seen the tires on the vehicles, did not know what type of tires they were, did not know the age of the tires or how much mileage they had had.

(3) that it could not have been discovered before the trial by the exercise of due diligence,
(4) that it is material to the issue, and

Obviously no sufficient foundation existed to make opinion evidence admissible. See Parker v. Hohman, Me., 250 A.2d 698, 702 (1969).

The entry must be,

In Case #York 35–72 Appeal denied.

In Case #York 80–72 Appeal denied.

In Case #York 81–72 Appeal denied.

All Justices concurring.

(5) that it is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict.