## TOWN OF ELIOT

v.

### Francis BURTON et al.

Supreme Judicial Court of Maine.

Oct. 19, 1978.

McEachern, Winiarski & Thornhill by
Duncan A. McEachern, Kittery (orally), for
plaintiff.

Smith, Elliott, Wood & Nelson by Ste-
phen R. Lamson (orally), Roger S. Elliott,
Saco, for defendants.

Before McKUSICK, C. J., and POMER-
OY, WERNICK, DELAHANTY, GOD-
FREY and NICHOLS, JJ.

McKUSICK, Chief Justice.

Plaintiff Town of Eliot appeals from an order issued by the Superior Court denying plaintiff's motion to enjoin use by defendants of a septic tank system on a trailer lot occupied by them. The Town asserts that the order should be reversed on the grounds that: (1) after an earlier nonjury hearing in the same case ending in issuance of the injunction sought by plaintiff, the presiding justice abused his discretion in granting defendants a new trial; and (2) the different presiding justice in the second hearing erred in denying the requested injunction. Since we reverse the granting of the new trial and remand to the Superior Court with instructions to reinstate the injunction entered by the first justice, we have no occasion on this appeal to reach the second issue.

■ The parties engaged in two full nonjury hearings on the merits of plaintiff's claim prior to this appeal. On May 29, 1975, the Town filed a complaint in Superior Court alleging that defendants' use of a septic system without prior approval by town authorities constituted a continuing violation of the State Plumbing Code (hereafter referred to as the "Code"), and requesting injunctive relief. After a full hearing the presiding justice granted the injunction, finding that defendants failed to obtain approval of the system as required by the Code. Defendants then filed a timely notice for a new trial pursuant to Rule 59(a), M.R.Civ.P., on the ground that portions of the Code not introduced by the Town at the first hearing constituted "newly discovered evidence." The presiding justice ordered the requested new trial and, on a subsequent motion, disqualified himself from presiding at the second hearing.[1] Following that second hearing, the different presiding justice denied the injunction.

■ In *Harrison v. Wells*, 151 Me. 75, 116 A.2d 134 (1955), this court set forth the criteria governing consideration of a motion for a new trial under Rule 59(a), M.R.Civ.P. The moving party must establish:

"(1) that the new evidence is such that it will probably change the result upon a new trial, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue and (5) that it is not merely cumulative or impeaching." *Id.* at 81, 116 A.2d at 137.

*See also Bowe v. Willis*, Me., 323 A.2d 593 (1974); *State v. Casale*, 148 Me. 312, 92 A.2d 718 (1952). Considerations of judicial economy, the interest of the parties in obtaining a speedy and final resolution of their dispute at a reasonable litigation expense, and the need to discourage "judge shopping" dictate the rule that "[a]pplications for new trials on the ground of newly discovered evidence are not favored by the Courts. Proof must be convincing." *Harrison v. Wells, supra*, 151 Me. at 81, 116 A.2d at 137. *See also State v. O'Clair*, Me., 292 A.2d 186 (1972); *State v. Terroni*, Me., 270 A.2d 75 (1970). Although the presiding justice possesses broad discretion in ruling upon motions for new trial, *State v. Northup*, Me., 318 A.2d 489 (1974), we will not hesitate to reverse where the presiding justice's decision is "clearly wrong." *State v. O'Clair, supra* at 196.

■ We must first consider whether the presiding justice erred in finding that the deleted portions of the Code constituted "newly discovered evidence" warranting a new trial.[2] The Town submitted portions

---

1. The record suggests that the presiding justice may have acceded too readily to defendants' motion for his disqualification. The sole ground advanced by defendants in support of the motion was that the presiding justice might be improperly influenced by evidence presented at the first hearing which would be excluded at the second. This is a wholly inadequate ground for disqualification. Our system of justice rests, in part, on the assumption that judges are capable of basing their decisions on only the evidence within the four corners of the record, uninfluenced by evidence presented at the first trial but excluded at the second trial as irrelevant or prejudicial.

2. Challenging the new trial grant on appeal from the judgment entered following the second hearing is entirely proper. The grant of a new trial is not an *appealable* order. However, it is *reviewable* upon appeal from the

of the Code at the first hearing to establish that (1) the Code required approval of defendants' septic system by a proper town authority prior to operation and (2) defendants had failed to obtain such approval. The Town did not introduce in evidence a full copy of the Code. In granting the new trial, following a judgment in favor of plaintiff, the presiding justice stated:

"At this hearing [regarding defendants' motion for a new trial], Defendant introduced evidence and an exhibit containing the entire appropriate State Plumbing Code. He had previously, prior to trial, exercised due diligence and was unable to obtain same. By extraordinary efforts, he has since obtained same and it is now in evidence. The portions of the Code submitted by Plaintiff at the original hearing was not complete. It did not include all pertinent sections, such as § 155(c) which is contained in the new submission. I will not repeat here all the efforts by Defendant to obtain same previously, but those efforts satisfy due diligence requirements. Such evidence . . . could well change the result of the case."

■ Granting the new trial was erroneous for several reasons. First, it is clear from the record that defendants failed to exercise the "due diligence" necessary to obtain a new trial on the basis of newly discovered evidence. The entire effort by defendants to obtain a full copy of the Code consisted of sending four letters to various state departments and officials, including the Department of Health and Welfare, the Secretary of State, and a Department of Health and Welfare engineer who was scheduled to testify at the hearing. Although aware of the relevance of the Code prior to the hearing, defendants neglected to utilize the most obvious and effective means for obtaining it: the Rule 34 discovery procedure. Under Rule 34, M.R. Civ.P., "[a]ny party may serve on any other party a request . . . to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained . . .)." If the party refuses the request, the party seeking discovery can enlist the aid of the court. M.R.Civ.P. 37. Instead of utilizing the procedures specifically designed to aid parties in obtaining timely possession of critical documents, defendants relied upon informal means which failed to produce a full copy of the Code until after trial. Certainly, a party who fails to use the formal discovery procedures afforded by the civil rules cannot be said to have met the stringent due diligence requirements set forth in *Harrison v. Wells, supra.*

Second, on the facts of this case, the portions of the Code not introduced at the first hearing, even if relevant,[3] were not "newly discovered." As defendants' efforts to obtain the Code attest, defendants knew the Code existed prior to trial. Thus, it cannot be said that the evidence was "discovered since the trial." *Id.* 151 Me. at 81, 116 A.2d at 137. Because of defendants' lack of diligence the deleted portions of the Code were "tardily obtained," not newly discovered.

---

judgment entered following the second trial or hearing. *Bernat v. Handy Boat Service, Inc.*, Me., 239 A.2d 651 (1968); *MacLean v. Jack*, 160 Me. 93, 198 A.2d 1 (1964).

3. Plaintiff argues on appeal that the deleted portions of the Code were not material to the issues of the case and consequently could not be expected *to change the outcome upon a* second hearing. Defendants concede that section 155(c) of the Code cited by the presiding justice as a "pertinent section" not introduced at the first hearing which "could well change the result of the case," was in fact irrelevant.

However, defendants contend that a section of the Code which implied that an assistant town plumber has the authority to approve the septic system was not introduced at the hearing and could have affected the presiding justice's ruling. Although the justice's failure to mention that section as a basis for his new trial order casts considerable doubt upon defendants' present contention, our finding that defendants failed to meet two of the other tests set forth in *Harrison v. Wells, supra*, removes the need to decide this issue.

◼ Finally, even assuming that the deleted portions of the Code constituted "newly discovered evidence," the presiding justice abused his discretion by going beyond simply reopening the first hearing to admit the new evidence pursuant to the last sentence of Rule 59(a), M.R.Civ.P., which provides:

> "On a motion for a new trial in an action tried without a jury, the justice before whom the action has been tried may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

On a motion for a new trial in a case tried to a jury, the court's decision must be all or nothing—a complete new trial or denial of the motion. In a nonjury case, however, the lesser remedy authorized by Rule 59(a) will usually meet all legitimate needs of the movant, with a minimum of delay and of extra expenditure of the resources of the parties and the courts. In the case at bar, from aught that appears in the record before us, the evidence on the second hearing was substantially identical to that on the first, with the exception of additional portions of the Code. At most, the first justice should have merely reopened the hearing to receive in evidence such further parts of the Code as were offered by the parties and to make whatever modifications in his findings, conclusions, and judgment as were required by the additional record. No extraordinary circumstance is apparent here that would justify imposing the time and expense burdens of a complete retrial upon the party opposing the motion or would warrant the expenditure of scarce judicial resources in such a duplicate effort.

In short, defendants clearly failed to establish the requirements for grant of a new trial. Accordingly, we reverse the order granting the new trial, with the result that the original judgment entered after the first hearing must be reinstated.[4]

The entry must be:

Appeal sustained.

Judgment entered after second hearing set aside.

Order of new trial reversed.

Remanded with instructions for reinstatement of injunction and for further proceedings not inconsistent with this opinion.

ARCHIBALD, J., did not sit.

4. We intimate no opinion regarding defendants' contention that injunctive relief is here inappropriate since the Town concedes that defendants' use of the septic system has not damaged the surrounding area and has made no showing that the system poses a future threat. The validity of the injunction upon all the facts as developed in the first record (which is not before us) will be open for consideration upon a proper appeal from the reinstated judgment. We also intimate no opinion regarding what other post-judgment relief might be available to defendants.