### Robert T. BARBER
### v.
### TOWN OF FAIRFIELD et al.

Supreme Judicial Court of Maine.

Argued Nov. 14, 1984.

Decided Jan. 10, 1985.

---

Shiro & Shiro, Louis J. Shiro (orally), Waterville, for plaintiff.

Preti, Flaherty & Beliveau, John P. Doyle, Jr. (orally), John J. Flaherty, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

SCOLNIK, Justice.

The plaintiff, Robert T. Barber, appeals from a judgment of the Superior Court, Somerset County, determining that "the policy and practices" of the Fairfield town officials did not create a property interest in Barber's job as police chief by providing him with an objective expectation of reappointment. We affirm the judgment.

This appeal arises following such determination after our remand in *Barber v. Inhabitants of Town of Fairfield*, 460 A.2d 1001 (Me.1983) (*Barber I*). In *Barber I*, wherein the plaintiff appealed Fairfield's dismissal of him as police chief, we concluded that the town's conduct of the plaintiff's

pretermination hearing violated his due process rights, but that the Superior Court's award of compensation for the remainder of Barber's term as police chief made the plaintiff whole, thus eliminating the need to remand the case for a hearing on the issue whether just cause existed for his dismissal. *Id.* at 1007. We also held, however, that property interests requiring due process protection may be created in two ways: (1) by statutory restriction of the grounds upon which a public employee may be removed, and (2) by "rules and mutually explicit understandings" which support a claim of entitlement. *Id.* at 1007. The trial court found that the applicable statute did not create a property interest in reappointment. *Id.* at 1008. We intimated no opinion on this issue, but because the court did not consider whether the plaintiff had a justifiable, objective expectation of reappointment which required the town to comply with due process requirements of notice, hearing, and removal for cause on the issue of denial of his reappointment, and because this issue was sufficiently generated by the evidence, we remanded the case for a factual hearing and determination. *Id.* at 1007–08.

At this hearing the trial court attempted, insofar as possible, to avoid retrying the merits of the original case.[1] The hearing focused on the policy and practices of the town manager and the town council and on whether they provided Barber with a justifiable expectation of reappointment. Once again, Chief Barber and former Town Manager Green testified. In addition, the court heard testimony from Scott Fitts, a former Fairfield policeman, William J. Hagerty, a member of the Fairfield town council, and Cecil D. Lancaster, a former Fairfield town manager. The court also relied on numerous exhibits and depositions in making its determination that the plaintiff was not given an objective expectation of reappointment as the town's police chief.

The plaintiff appeals from this judgment, alleging that the trial justice should have recused himself, and that the trial court made clearly erroneous findings of fact and abused its discretion in ruling on various evidentiary matters. We do not agree.

The plaintiff contends that certain in-court statements and rulings, by themselves, disclosed a personal bias amounting to prejudgment of the case by the trial justice. Furthermore, the plaintiff challenges the propriety of the defendants' efforts to assure that the remanded issue be heard by the same Superior Court justice who presided at the prior hearing.

■ "The alleged bias and prejudice to be disqualifying must stem from an extra-judicial source...." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). Disregarding this teaching, the plaintiff asserts the "essence" of his motion for recusation is what the trial justice "himself said and how he has ruled." Citing no extra-judicial source of bias, the plaintiff argues, nevertheless, that the presiding justice was "improperly influenced" by the evidence presented at the prior hearing and had already made up his mind about the case. This ground, as the trial justice recognized, is an inadequate basis for disqualification. In *Town of Eliot v. Burton*, 392 A.2d 56, 58 n. 1 (Me.1978), we noted that the possibility the presiding justice might be improperly influenced by evidence presented at a first hearing that would be excluded at the second was a wholly inadequate ground for disqualification. We said: "Our system of justice rests, in part, on the assumption that judges are capable of basing their decisions on only the evidence within the four corners of the record, uninfluenced by evidence presented at the first trial but excluded at the second trial as irrelevant or prejudicial." *Id.* In the present case, the trial justice was not required to exclude from consideration any evidence heard in

---

**1.** Still, the court heard again much of the same evidence presented in *Barber I,* 460 A.2d at 1003–04.

the first hearing. He was required on remand to receive evidence on a narrow issue that was not previously addressed. The reasoning and the policy underlying the principle in *Town of Eliot, a fortiori*, lead us to make the same assumption that the presiding justice at the hearing on remand was not improperly influenced by the prior evidence.

■ Nor is the plaintiff's argument strengthened by his complaint that the defendants addressed post-remand motions to the Superior Court justice who originally presided. Accordingly, we fail to discern any justifiable basis for recusal or any prejudice to the plaintiff.

The plaintiff also contends that the trial court's findings of fact were clearly erroneous. Factual findings of trial courts will be overturned on review only if they are clearly erroneous. M.R.Civ.P. 52(a). A trial court's factual determinations are not clearly erroneous if they are supported by any competent evidence. *Harmon v. Emerson*, 425 A.2d 978, 981 (Me.1981). Furthermore, we may not alter or set aside the findings simply because an alternative conclusion *also* finds support in the evidence. *Id.* at 982.

■ The trial court found the following facts: (1) that Town Manager Lancaster hired Barber on a year-to-year basis; (2) that Lancaster made assurances to Barber about the non-reappointment grievance procedure, but pointed out that such procedure could change under a new town manager; (3) that Town Manager H. Dale Green made it plain to Barber from the outset that his appointment was year-to-year, and that failure to reappoint meant the end of employment without the necessity of any hearing; (4) that following the hearing on Barber's 1978 dismissal, Barber was reappointed for a definite one-year period; and (5) that the insertion of a definite term of appointment for the period of March 22, 1978, to March 31, 1979, made it apparent by any objective standard that Barber could not expect to be reappointed for the 1979–1980 municipal year. All of these findings are adequately supported by the record and justified the court's conclusion that the policy and practices of the town officials did not create a property interest by providing Barber with an objective expectation of reappointment. Although the plaintiff attempted to persuade the trial court to give greater credit to the testimony of Barber, Fitts, and Hinckley, the court apparently gave greater weight to the evidence presented by Lancaster and Green. This appraisal of the evidence, wholly within the discretion of the trial court, may not be the basis for a successful appeal. *See Qualey v. Fulton*, 422 A.2d 773 (Me.1980).

■ The plaintiff also charges the trial court with an abuse of discretion in ruling on various evidentiary matters. He principally objects to the narrowing of the second hearing's scope of inquiry, which necessarily led to later rulings adverse to him. Our careful review of the record reveals that, consistent with the mandate of *Barber I*, the court did indeed, from the outset of the trial, attempt to narrow the scope of inquiry to the issue of non-reappointment. All subsequent rulings on evidentiary matters flowed from this initial determination. Still, this did not prevent the court from hearing a wide variety of evidence, much of it favorable to the plaintiff. Reversible "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." M.R.Evid. 103. We find no reversible error here.

The entry is:

Judgment affirmed.

All concurring.