Raymond O. **BRENDLA**

v.

Richard D. **ACHESON.**

Supreme Judicial Court of Maine.

Argued Jan. 3, 1989.

Decided March 7, 1989.

James Martin Dineen (orally), Kittery, for plaintiff.

Harold Friedman, Elizabeth Lovejoy (orally), Friedman & Babcock, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD and HORNBY, JJ.

PER CURIAM.

In this dental malpractice action, plaintiff Raymond O. Brendla, the patient, seeks review of the summary judgment entered by the Superior Court (York County; *Fritzsche, J.*) in favor of defendant Dr. Richard D. Acheson, a Sanford dentist. We affirm the Superior Court's judgment.

In August of 1987, the patient's attorney served Dr. Acheson with a notice of claim, as required by 24 M.R.S.A. § 2903 (Supp. 1988),[1] alleging that the doctor negligently treated the patient in August of 1985. The notice of claim was signed and acknowledged by the patient's attorney. The doctor filed a motion to dismiss the action arguing, *inter alia*, that the notice of claim did not comply with section 2903 because it was signed by the patient's attorney, not the patient himself. The doctor subsequently amended his motion to dismiss, adding a statute of limitations defense.

The Superior Court held two hearings on the motions to dismiss. At the first hearing, at which the presiding justice directed that the motions be heard together the following month, he commented that it appeared to him that the doctor might have a meritorious defense. When the patient's attorney discovered that the same justice was to hear the motions at the second hearing, he asked the justice to recuse himself, first by letter and then by motion. The justice denied the motion to recuse, stating that he had formed no opinion on the motions to dismiss. After the second hearing, the court, treating the motions to dismiss as motions for summary judgment, granted summary judgment for the doctor, finding that the notice of claim was defec-

---

**1.** 24 M.R.S.A. § 2903 provides in relevant part: No action for professional negligence may be commenced until the plaintiff has:

A. Served written notice of claim setting forth, under oath, the professional negligence alleged and the nature and circumstances of the injuries and damages alleged, personally or by registered or certified mail upon the person accused of professional negligence....

tive because it was not signed by the patient. This appeal followed.

 We find no merit in the patient's argument that the Superior Court improperly denied his motion to recuse. "Recusal is a matter within the broad discretion of the court." *State v. Jacques*, 537 A.2d 587, 591 (Me.1988). Furthermore, any bias, to be disqualifying, must stem from extrajudicial sources, not from prior evidence in a case. *Barber v. Town of Fairfield*, 486 A.2d 150, 152 (Me.1985) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)). The court's warning that the doctor could prevail unless the patient refuted certain facts and arguments raised by the motions to dismiss does not in any way demonstrate that the court could not rule impartially on the motions.

On the merits, the patient contends that the Superior Court erred in granting summary judgment in favor of the doctor. We disagree. Independent of the reason used by the Superior Court in entering judgment for the doctor, the patient's notice of claim suffers from a fatal defect. We therefore affirm the summary judgment on that alternative ground without addressing the correctness of the Superior Court's holding. *See Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 427 (Me.1987).

Section 2903 requires that the patient serve a "written notice of claim setting forth, *under oath*, the professional negligence alleged...." (Emphasis added) The notice in this case, however, did not set forth any claim under oath. The notice nowhere stated that the signer swore to the truth of the allegations of professional negligence. In the appended acknowledgment the signer merely "appeared" and "acknowledged" that the allegations were true or believed to be true; he did not make oath to their truth. In these circumstances, the notice of claim did not comply with the plain requirements of section 2903. *Compare Pineland Lumber Co. v. Robinson*, 382 A.2d 33, 37 (Me.1978) (acknowledgment did not satisfy materialmen's lien statute's requirement that claim

be "subscribed and sworn to" by claimant), *with Jagoe v. Blocksom*, 440 A.2d 1022, 1024 (Me.1982) ("under oath" requirement of section 2903 was satisfied where notice of claim contained jurat stating that the notice was "[s]worn and subscribed to" before a notary public). *See also Paradis v. Webber Hosp.*, 409 A.2d 672, 675 (Me.1979) ("under oath" provision of section 2903 requires that "declarant must verify in writing and in the form of an oath taken before an authorized official, the truth of the allegations").

The entry is: Judgment affirmed.