STATE of Maine

v.

Roland CHAMBERS.

Supreme Judicial Court of Maine.

Submitted on Briefs March 18, 1993.
Decided April 29, 1993.

Laura Yustak–Smith, Asst. Dist. Atty., Machias, for the State.

Perry O'Brian, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Roland Chambers appeals from a judgment of the Superior Court (Washington County, *Browne, A.R.J.*) denying his motion to continue sentencing so that he could undergo medical testing. Chambers argues that the trial court's refusal to continue sentencing was an abuse of discretion which rendered the sentencing process and the resulting sentence illegal. We affirm the judgment.

Chambers assaulted Rolfe Richter, kicking him repeatedly in the face. Richter suffered permanent eye damage as a result of the assault. The grand jury indicted Chambers for aggravated assault, 17–A M.R.S.A. § 208.[1] The docket reflects that Chambers entered a plea of not guilty on September 26, 1991. Chambers was on bail from this date until the date of sentencing. Chambers changed his plea to one of nolo contendere on March 16, 1992.[2] At some time after changing his plea, Chambers began to receive counseling.

Sentencing was scheduled for June 5, 1992, but on May 28, 1992, Chambers filed a motion to continue sentencing for "30 days and for such other and further relief as is just and equitable." Chambers argues that the continuance was necessary in order for him to undergo medical testing to determine whether his problem controlling

---

**1.** 17–A M.R.S.A. § 208 (1983) provides: "A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes: ... serious bodily injury to another."

**2.** Although both the docket and judgment reflect a plea of guilty rather than nolo contendere, the transcript of the Rule 11 hearing clearly reflects that Chambers entered a plea of nolo contendere. The docket and judgment should be corrected accordingly.

his temper had a physical explanation. Chambers was scheduled to be evaluated at the Maine Head Trauma Center in Bangor on June 26, 1992. The trial court denied Chambers' motion finding that Chambers had not established that he exercised due diligence in scheduling the testing prior to the sentencing hearing.

Chambers argues that the trial court abused its discretion by denying his motion and this rendered the sentencing process and the resulting sentence illegal. We disagree. When a defendant's challenge to the sentence imposed is an attack on its legality, and the alleged infirmity appears affirmatively from the record, the claimed illegality may be raised on direct appeal. *State v. Jacques*, 537 A.2d 587, 592 (Me.1988). We have recognized the trial court's wide discretion in sentencing proceedings, both in how it obtains information and the information it may consider. *Id.* The decision to deny a motion for a continuance is also committed to the discretion of the trial justice. *State v. Dechaine*, 572 A.2d 130, 132 (Me.), *cert. denied*, 498 U.S. 857, 111 S.Ct. 156, 112 L.Ed.2d 122 (1990).

We have held:

> The party seeking the continuance has the burden of establishing that the evidence sought will be relevant and competent, that a continuance will make its procurement likely, that due diligence was used to obtain the evidence before the commencement of trial, and that the length of the continuance sought is reasonable.

*Id.* at 132–33. First, the results of the medical testing sought by Chambers are purely speculative. As we have said before, "[a] motion for continuance must be based on more than a whimsical hope that more time to investigate might produce additional exculpatory evidence." *State v. Holt*, 391 A.2d 822, 825 (Me.1978) (citing *Higgins v. Higgins*, 370 A.2d 670, 674 (Me. 1977)). Second, Chambers did not establish that he exercised due diligence in obtaining this evidence. He was not incarcerated prior to sentencing and had every opportunity to begin investigative testing before the hearing. The trial court, therefore, did not abuse its discretion by denying his motion for a continuance.

The entry is:

Judgment affirmed.

All concurring.