1997 ME 126

**STATE of Maine**

v.

**Hartley I. DAMBOISE, II.**

Supreme Judicial Court of Maine.

Argued May 5, 1997.
Decided June 5, 1997.

Geoffrey A. Rushlau, District Attorney, Michael P. Turndorf, Asst. Dist. Atty. (orally), Bath, for State.

Peter M. Rice (orally), Yarmouth, for State.

1. 17–A M.R.S.A. § 207 provides in pertinent part:

    1. A person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another.
    2. Assault is a Class D crime....

2. 17–A M.R.S.A. § 255 provides in pertinent part:

    1. A person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and:

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

GLASSMAN, Justice.

[¶ 1] Hartley I. Damboise, II, appeals from the judgments entered in the Superior Court (Sagadahoc County, *Perkins, A.R.J.*) on the jury verdicts finding him guilty of an assault in violation of 17–A M.R.S.A. § 207 (1983 & Supp.1996)[1] and unlawful sexual contact in violation of 17–A M.R.S.A. § 255 (Supp. 1996).[2] He contends the trial court erred by denying his motion for a continuance of the trial and by imposing limitations on his cross-examination of witnesses regarding the alleged prior sexual abuse of the victim thereby depriving him of the right guaranteed by the United States and Maine Constitutions to confront witnesses against him.[3] Finding no error in the record, we affirm the judgments.

[¶ 2] The record discloses the following pertinent facts: The male victim, who was twelve years of age at the time of the alleged offense, claimed that Damboise, who had renewed his prior relationship with the victim's mother, had committed the charged offenses during the evening hours while the victim and Damboise were at a campsite selected by Damboise. Damboise complied with the victim's request to go home. During the journey, Damboise told the victim not tell anyone because if he did his mother would hate the victim. The victim subsequently disclosed the alleged abuse to his aunt. She notified the police department and gave a statement relating the entire conversation with the victim when he made the disclosure to her. The statement included, inter alia, the following response to her inquiry of the victim as to what was the matter: " 'Auntie? Do you

....
    C. The other person, not the actor's spouse has not in fact attained the age of 14 years and the actor is at least 3 years older;
    2. [A] violation of subsection 1, paragraph C ... is a Class C crime....

3. Both the Sixth Amendment of the United States Constitution and Article I, § 6 of the Maine Constitution provide, *inter alia*, that in all criminal prosecutions the accused shall have the right to be confronted by the witnesses against him.

remember when I was molested by Brian?' I said, 'Yes, I do.' He says, 'I have been molested again!' I asked by who, he said 'Hartley Damboise.' "

[¶ 3] Damboise's motion on the first day of the trial of this matter, seeking a continuance of the trial on the ground of the unavailability of a witness, was denied by the court. The victim testified that the night before the disclosure of abuse to his aunt he had dreamed that on the camping trip Damboise had touched him inappropriately. During the course of Damboise's cross-examination of the victim and the victim's aunt, the court refused to allow inquiry about alleged prior sexual abuse of the victim.[4] From the judgments entered on the jury verdicts finding Damboise guilty of the charges, he appeals.

[¶ 4] Damboise first contends the trial court erred by denying his request for a continuance of the trial. We disagree. The resolution of a continuance request is reserved to the discretion of the trial court, and we review that ruling only for an abuse of that discretion. We have previously stated:

> The party seeking the continuance has the burden of establishing that the evidence sought will be relevant and competent, that a continuance will make its procurement likely, that due diligence was used to obtain the evidence before the commencement of trial, and the length of the continuance is reasonable.

*State v. Chambers*, 624 A.2d 473, 474 (Me. 1993) (citation omitted). Here, the record discloses that at the time Damboise made the motion requesting a continuance of the trial, he offered no evidence as to the relevancy or competency of the witness's testimony, the unavailability of the witness,[5] or any attempt to procure the witness's attendance at the trial. Accordingly, the trial court acted within its discretion by denying Damboise's motion.

4. The court also denied the admission in evidence of the police report referencing the prior sexual abuse of the victim. Damboise does not challenge that ruling.

5. As the jury was entering the courtroom, Damboise stated on the record that the witness was

[¶ 5] Damboise next contends that by not allowing him to question the victim and his aunt regarding the alleged molestation by Brian, the court erroneously deprived him of the constitutional right to confrontation. He makes no claim the evidence was necessary for impeachment purposes, but argues that he was deprived of the opportunity to establish that the victim's allegations against him may have arisen from the sexual abuse by someone other than Damboise. We disagree.

[¶ 6] The right to confront and to cross-examine a witness is not absolute and may, in appropriate cases, be restricted to accommodate other legitimate interests in the criminal process. *Chambers v. Mississippi*, 410 U.S. 284, 309, 93 S.Ct. 1038, 1052–53, 35 L.Ed.2d 297 (1973). In *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986), the United States Supreme Court stated:

> It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about . . . confusion of issues . . . or interrogation that is only marginally relevant. . . . [T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

(quoting *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 294–95, 88 L.Ed.2d 15 (1985) (per curiam)). The constitutional right to confront one's accusers is not violated when the court precludes irrelevant or immaterial evidence. *Wood v. Alaska*, 957 F.2d 1544, 1549 (9th Cir.1992).

unavailable for health reasons. At the time of his sentencing, Damboise filed an undated note from a medical doctor stating, "[the witness] is temporarily excused from court duty due to heart disease."

[¶ 7] The admission of evidence that some person other than the defendant might have committed the charged crime is subject to the threshold ruling of relevance which is largely discretionary with the trial court. *State v. Dechaine,* 572 A.2d 130 (Me.1990). In the instant case, the record reflects that Damboise made no offer of proof of any connection between the alleged prior abuse of the victim and the charges against Damboise, nor did he request permission to question the victim outside the presence of the jury. Accordingly, we conclude that the ruling of the court did not deprive Damboise of the constitutional right to be confronted by witnesses against him.

The entry is:

Judgments affirmed.