Jane L. MATTSON

v.

David W. MATTSON.

Supreme Judicial Court of Maine.

Aug. 8, 1977.

Alan C. Pease, Wiscasset, for plaintiff.

Bornstein & Campbell by Andrews B. Campbell, Portland, for defendant.

Before DUFRESNE, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

Plaintiff-appellee filed a complaint in the District Court seeking a divorce from her husband in which only cruel and abusive treatment was alleged as grounds therefor. At a preliminary hearing the District Court Judge suggested marriage counseling and the parties agreed thereto. Subsequently the Mattsons made six joint visits and each made an individual visit to a marriage counselor. Following these consultations Mrs. Mattson moved to amend her complaint in order to add irreconcilable marital differences [1] as an additional ground, which motion was granted over objection.

The case was then removed [2] to the Superior Court where a hearing was had on the merits of the divorce action, and Mrs. Mattson was awarded the divorce on grounds of "irreconcilable marital differences." In response to Mr. Mattson's request for findings of fact and conclusions of law, the Justice below issued findings of fact that did not include a specific finding that the "marriage has broken down."

The defendant has appealed.

We deny the appeal.

## NECESSARY FINDINGS OF FACT

The appellant contends that the language of 19 M.R.S.A. § 691, namely, "the marital differences are irreconcilable *and the marriage has broken down*" (emphasis supplied), legally mandates two specific and individual findings by the Court, first, that irreconcilable marital differences exist and, second, a breakdown in the marriage as a result thereof. Absent the second finding, so appellant continues, no valid divorce may be decreed.

We disagree.

The term "irreconcilable marital differences" is one that necessarily lacks precision and should not be circumscribed by a strict definition. Experience has demonstrated that each marital relationship is as unique as are the human personalities involved. Therefore, a lack of definitiveness is often desirable in order that each case

---

1. The grounds for divorce in Maine are contained within 19 M.R.S.A. § 691, which provides:

    "A divorce from the bonds of matrimony may be decreed . . . for causes of adultery, impotence, extreme cruelty, utter desertion . . . gross and confirmed habits of intoxication from the use of intoxicating liquors, opium or other drugs, cruel and abusive treatment or *the marital differences are irreconcilable and the marriage has broken down* or, on the complaint of the wife, where the husband being of sufficient ability or being able to labor and provide for her, grossly or wantonly and cruelly [sic] refuses or neglects to provide suitable maintenance for her . . . .. When the alleged cause is irreconcilable marital differences, a divorce shall not be granted unless both parties have received counseling by a professional counselor who is qualified in counseling either through educational certification or experience and as approved by the court, and a copy of the counselor's report is made available to the parties and to the court . . . .." (Emphasis supplied.)

2. Rule 73(b), District Court Civil Rules.

may receive the individual attention of the court, which should not be unnecessarily inhibited in its approach to any case. *See Strater v. Strater*, 159 Me. 508, 518–19, 196 A.2d 94, 99 (1963). Strict statutory definitions in areas such as divorce often become unworkable as applied to the universe of human activity which this area of litigation often discloses. *See Riley v. Riley*, 271 So.2d 181 (Fla.App.1972).

■ In attempting to apply such a provision we are aided by existing policy. We have often stated that the involvement of public policy in divorce actions is an element not present in other forms of litigation. *See Deblois v. Deblois*, 158 Me. 24, 177 A.2d 199 (1962). It is due to the State's policy interest in maintaining the integrity of the marriage relationship that it, in effect, becomes a third party to divorce proceedings. *Reville v. Reville*, 370 A.2d 249 (Me.1977); *Belanger v. Belanger*, 240 A.2d 743 (Me.1968).

Other state courts have interpreted statutes similar to ours.[3]

■ It seems clear that trivial or minor irreconcilable marital differences should not be sufficient to justify the dissolution of a marriage. *See In Re Marriage of Walton*, 28 Cal.App.3d 108, 104 Cal.Rptr. 472 (1972). In order to grant a decree for divorce on this basis, the court must find that in the particular case the marital differences cause cohabitation to become intolerable. *See Riley v. Riley*, 271 So.2d 181 (Fla.App. 1972). Such differences contemplate a greater degree of disparity between husband and wife than mere unhappiness, for which a divorce cannot be granted. *Dresser v. Dresser*, 225 A.2d 395, 398 (Me.1967). Once a finding is made that there are irreconcilable differences of such a degree as to make living together intolerable in the particular case, a "breakdown in the marriage" in legal contemplation is implicit.

■ The necessity of a breakdown in the marriage is a legislative substitute for a

required finding of fault in one of the parties in a divorce action. *McKim v. McKim*, 6 Cal.3d 673, 100 Cal.Rptr. 140, 493 P.2d 868, 871 (1972). The focus is shifted from the individual partners to the marriage itself. *Id.* Just as the fault of one partner must exist whenever a divorce is granted on any other grounds, a breakdown in the marriage must necessarily exist if the court finds the required degree of irreconcilable difference on which to premise granting a divorce. No one would contend that a specific and individual finding of fault is necessary whenever other grounds for divorce are alleged. Therefore, we conclude that a separate finding of a breakdown in the marriage is not essential for a divorce on grounds of irreconcilable marital differences.

## SUFFICIENCY OF EVIDENCE

The appellant contends that the evidence adduced at the hearing on the divorce action was insufficient to support the Justice's decree. We find no merit in this contention.

The test that we must apply to the Justice's findings is whether the findings of fact were "clearly erroneous." *Dresser v. Dresser*, 225 A.2d 395, 398 (Me.1967).

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

Rule 52(a), M.R.C.P.

■ Without reciting the litany of individual antagonisms developed by differing preferences, predilections, and personalities, we do not believe that the findings of the Justice below are "clearly erroneous" (if erroneous at all).

## SEQUENCE OF COUNSELING SESSIONS AND ALLEGATIONS OF IRRECONCILABLE DIFFERENCES

■ Appellant also argues that because appellee had not alleged irreconcilable mari-

---

3. The exact language of Maine's statute allowing divorce for irreconcilable marital differences appears to be unique to Maine, though very similar to other so-called "no fault" divorce statutes.

tal differences as a grounds for divorce prior to attending the marriage counseling sessions, he was prejudiced when the Court allowed the amendment.

We find no merit in this argument.

■ Appellant asserts that the cause of action, namely, irreconcilable marital differences, was not extant at the time of the filing of the complaint. It is a well established rule that a court will not consider acts giving rise to causes of action which occur after the suit is brought. *Page v. Bourgon*, 138 Me. 113, 22 A.2d 577 (1941).

"The rule seems to be well established that acts occurring after suit for divorce is brought cannot be made grounds for divorce, although it is well settled that the court may look at the conduct of the husband toward his wife since the commencement of the action to ascertain the weight and color of the acts alleged and proved."

*Hink v. Hink*, 131 Okl. 164, 268 P. 282, 283 (1928).

■ Marriage counseling is not an element of irreconcilable marital differences. The requirement of marriage counseling before a divorce is decreed on grounds of irreconcilable marital differences represents merely a legislative attempt to resolve those differences and thereby save the marriage. Moreover, it is conceivable that marriage counseling that occurs prior to any allegation of irreconcilable marital differences would be more fruitful since both parties would be more receptive to reconciliation. It is clear that any marital counseling that otherwise complies with the statutory requirements is sufficient if proximately related to the complained-of marital differences.

■ The amendment is authorized by Rule 15(c), M.R.C.P.[4] Since the basic pleading sought a termination of the marital status, the amendment merely added an additional basis therefor, thus "relat[ing] back to the date of the original pleading."

We dispose of appellant's other points rather summarily.

■ The testimony of the marriage counselor was not objected to at trial once his qualifications were established, nor was there any subsequent motion to strike. Thus, the admissibility of the evidence is not now subject to review. *See State v. Kelley*, 357 A.2d 890, 894 (Me.1976).

■ The written report of the marriage counselor was admitted over an objection which did not specify the reason therefor. The admissibility is not reviewable. *Moulton v. Perkins*, 116 Me. 218, 222, 100 A. 1020, 1021 (1917); *see also* Rule 103(a)(1), Maine Rules of Evidence; Field and Murray, Maine Evidence, § 103.2 at 5.

■ Not having been raised at the trial level, the issue of the constitutionality of the "irreconcilable marital differences" amendment to 19 M.R.S.A. § 691 is not ripe for appellate review. *Reville v. Reville*, 289 A.2d 695 (Me.1972), is dispositive of this argument. *See also Younie v. State*, 281 A.2d 446 (Me.1971); *Frost v. Lucey*, 231 A.2d 441 (Me.1967).

The entry is:

Appeal denied.

All Justices concurring.

POMEROY, J., did not sit.

---

4. "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempt- ed to be set forth in the original pleading, the amendment relates back to the date of the original pleading. . . ."