David HAWKE

v.

Beatrice A. HAWKE.

Supreme Judicial Court of Maine.

Dec. 22, 1978.

**450**

Lipman, Parks, Livingston & Lipman, by David M. Lipman, John M. Parks, Augusta (orally), for plaintiff.

Thomas A. Berry, Boothbay Harbor (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

The judgment of the District Court granting a divorce to Mr. Hawke on the grounds of irreconcilable marital differences was appealed by Mrs. Hawke to the Superior Court, where the judgment was affirmed. Asserting that the District Court (1) erred in giving retrospective application to amendments to Maine's divorce law regarding irreconcilable marital differences and (2) abused its discretion in refusing to grant a continuance, Mrs. Hawke filed a timely appeal of the Superior Court affirmance.

We deny the appeal.

## EFFECT OF AMENDMENT TO THE DIVORCE STATUTE

Appellee commenced this divorce action on January 17, 1977, and later amended his complaint on July 26, 1977, to add irreconcilable marital differences as grounds for divorce. At a hearing held on November 29, 1977, the District Court Judge ordered the parties to seek marriage counseling. Mrs. Hawke, however, had not attended any marriage counseling sessions prior to December 29, 1977, the date set for final hearing, when the District Court Judge granted the divorce on grounds of irreconcilable marital differences.

Maine's divorce law prior to October 24, 1977,[1] precluded a divorce on the grounds of irreconcilable differences unless both parties had received marriage counseling. Effective October 24, 1977, 19 M.R.S.A. § 691[2] provides that the refusal of a party who denies the existence of irreconcilable marital differences to attend marriage counseling creates prima facie evidence of irreconcilable marital differences. The refusal of one party to attend marriage counseling

[1]. A divorce from the bonds of matrimony may be decreed in the county where either party resides at the commencement of proceedings, for causes of . . . the marital differences are irreconcilable and the marriage has broken down . . . provided the parties were married in this State or cohabited here after marriage, or if the plaintiff resided here when the cause of divorce accrued, or had resided here in good faith for 6 months prior to the commencement of proceedings, or if the defendant is a resident of this State. *When the alleged cause is irreconcilable marital differences, a divorce shall not be granted unless both parties have received counseling by a professional counselor* who is qualified in counseling either through educational certification or experience and as approved by the court, and a copy of the counselor's report is made available to the parties and to the court. (emphasis supplied)

19 M.R.S.A. § 691 (repealed by P.L.1977, ch. 226, § 1).

[2]. 1. Grounds. A divorce may be decreed for one of the following causes:

. . . . .

H. Irreconcilable marital differences . .

. . . . .

If one party alleges that there are irreconcilable marital differences and the opposing party denies that allegation, the court upon its own motion or upon motion of either party may continue the case and require both parties to receive counseling by a qualified professional counselor to be selected either by agreement of the parties or by the court. The counselor shall give a written report of his counseling to the court and to both parties. *The failure or refusal of the party who denies irreconcilable marital differences to submit to such counseling without good reason shall be prima facie evidence that the marital differences are irreconcilable.* (emphasis supplied)

19 M.R.S.A. § 691 (P.L.1977, ch. 226, § 1, effective October 24, 1977).

also no longer precludes the court from granting a divorce on the basis of irreconcilable differences.

■ Appellant contends on appeal[3] that the trial judge improperly gave retrospective application to the 1977 amendments to the divorce statute. We disagree.

We stated in *Mattson v. Mattson*, Me., 376 A.2d 473 (1977), that marriage counseling was not an element of irreconcilable marital differences as grounds for divorce. Marriage counseling represented merely a legislatively mandated procedural device that manifested the State's interest in preserving the marriage. *Mattson v. Mattson, supra* at 477.

■ A party cannot acquire a vested interest in a particular procedure. *See Fournier v. Fournier*, Me., 376 A.2d 100 (1977); *Thut v. Grant*, Me., 281 A.2d 1 (1971). Section 691 as amended in 1973, therefore, conferred no vested rights to a particular procedure to be utilized whenever. irreconcilable differences were alleged. Absent a saving clause the pre-1977 Section 691, unconditionally repealed effective October 24, 1977, no longer had applicability. *Thut v. Grant, supra* at 6. The trial judge properly applied the procedure mandated by the effective statute. *Fournier v. Fournier, supra; Thut v. Grant, supra.*

## DENIAL OF THE MOTION FOR A CONTINUANCE

■ At the hearing held on November 29, 1977, the trial judge set December 29, 1977, as the date for final hearing. Aware of the December 29th hearing date, Mrs. Hawke, nevertheless, intended to make a Christmas trip with her son to Disney World. Shortly after November 29, 1977, counsel for the appellant became apprised of the difficulty that attendance at the hearing on that date would create for his client. Not until December 16, 1977, however, did counsel attempt to inform the court by letter of this problem and move for a continuance. The letter from counsel did not, in fact, come to the judge's attention until December 21 or 22, a week before the scheduled hearing. Having failed to comply with M.R.D.C.Civ.P. 40(b), which requires a motion as soon as practicable after the cause therefor becomes known, appellant asserts that the trial judge abused his discretion in not granting a continuance on the grounds that the appellant was on a pre-arranged trip to Disney World and unable therefore to testify.

We believe that the trial judge was amply justified in denying the motion on either of two grounds. First, counsel for the appellant[4] inexcusably failed to comply with the requirements of Rule 40(b). Finally, allowing the appellant the choice of attending her divorce hearing or taking a holiday simply does not aid the interests of justice in this instance.

The entry is:

Appeal denied.

WERNICK and NICHOLS, JJ., did not sit.

---

3. Appellant raises the question of the applicable law for the first time on appeal. We have often stated that the failure of a party to raise a relevant issue at the trial level results in a waiver of that issue by that party when attacking the judgment on appeal. *Harrington v. Inhabitants of the Town of Garland*, Me., 381 A.2d 639, 643 (1978); *Reville v. Reville*, Me., 289 A.2d 695 (1972). Matters of judicial error inconsistent with substantial justice (*Hixon v. Mathieu*, Me., 377 A.2d 112 (1977)) or the lack of subject-matter jurisdiction (M.R.Civ.P. 12(h)(3)) can, nevertheless, be appropriately raised for the first time on appeal. Since whether the issue was waived at the lower court levels is not dispositive, we assume, without deciding, that it was not.

4. Trial counsel did not perfect the appeal nor did he represent appellant on appeal.