## PARKER–DANNER COMPANY

v.

### James NICKERSON and Nickerson Associates

and

### Malcolm A. Sibulkin and Lauri, Inc.

Supreme Judicial Court of Maine.

Argued Jan. 18, 1989.
Decided March 14, 1989.

Peter T. Dawson, David M. McCullum (orally), Augusta, for plaintiff.

Paul F. Macri (orally), Jeffrey A. Thaler, Berman, Simmons & Goldberg, Lewiston, for Sibulkin & Lauri, Inc., on appeal only.

Mark S. Kierstead, Waterville, for Nickerson.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

Defendants Malcolm A. Sibulkin and Lauri, Inc.[1] (Sibulkin) appeal from a judgment of the Superior Court (Franklin County; *Bradford, J.*) in favor of plaintiff Parker–Danner Company (Parker–Danner). The court awarded Parker–Danner $6,766.22, plus interest and costs, in its lien claim against Sibulkin for construction equipment and supplies rented by Parker–Danner to defendants James Nickerson and Nickerson Associates, Inc. (Nickerson) and used by Nickerson, a contractor, to help construct a dam and pumphouse on Sibulkin's property in Avon. Finding no error, we affirm the judgment.

Sibulkin contracted with Nickerson, as the general contractor, to construct a con-

---

1. Malcolm A. Sibulkin is the principal stockholder in Lauri, Inc. Lauri, Inc. operated a toy factory in Avon. For purposes of simplicity, these two defendants will be referred to as Sibulkin.

crete dam and pumphouse in Avon at the site of the Sibulkin toy factory. The contract provided that Sibulkin would reimburse Nickerson for the cost of the work, including "[r]ental charges of all necessary machinery and equipment" and that "[m]aterials for the project should be ordered by the Contractor but shall be invoiced to and paid for by the Owner." The contract also provided that the architect was Sibulkin's representative during construction.

Parker–Danner, alleging that it supplied rental equipment to Nickerson for use at the job site in the construction of the dam, for which it was not paid, filed a Mechanic's Lien Complaint[2] in Superior Court against the defendants.[3] The court awarded damages to Parker–Danner,[4] finding that the equipment, a portable air compressor, rock drill and water pump, were supplied by Parker–Danner to Nickerson and used in the construction of the dam, that Parker–Danner had not been paid its fair and reasonable rental charge, and that Sibulkin consented to the use of the rental equipment on the construction project.

## I.

■ Parker–Danner's lien claim was brought under 10 M.R.S.A. § 3251 (1980). That section provides in pertinent part as follows:

Whoever ... furnishes ... materials, including repair parts of machines used, or performs services either as ... an owner-renter, owner-lessor, or owner-supplier of equipment used in erecting, altering ... or repairing a ... building or appurtenances ... including the clearing, grading, draining, excavating or landscaping of the ground adjacent to and upon which any such above-named objects are constructed, by virtue of a contract with or by consent of the owner, has a lien thereon and on the land on which it stands and on any interest such owner has in the same, to secure payment thereof, with costs....

In order for Parker–Danner to prevail, it thus had to convince the court that Sibulkin, as owner of the dam, consented to the use of the rental equipment.

Contrary to Sibulkin's contention that the court impermissibly inferred consent on the part of Sibulkin solely by virtue of the terms of the contract authorizing Nickerson to rent equipment and providing for Sibulkin to pay those rental charges,[5] the court's determination that Sibulkin consented to the use of the rental equipment was actually based on Sibulkin's imputed knowledge of that use. The contract provided, and Sibulkin in his testimony admitted, that Sibulkin's architect was his agent for purposes of the construction project. The court specifically found that the architect had actual knowledge of the requirement for and the use of the rental equipment at the dam site, a finding supported in the record. The court correctly imputed the architect's knowledge to Sibulkin. *Restatement (Second) of Agency* § 268(1)(c) (1958). In view of that imputed knowledge, the court's conclusion that Sibulkin, who never objected to the use of rental equipment, consented to its use, was not clearly

---

2. There is no dispute that procedurally the lien was perfected. *See* 10 M.R.S.A. §§ 3251–3269 (1980 & Supp.1988).

3. Another defendant named in the complaint, Merrill Trust Company, was subsequently dismissed.

4. Nickerson filed a bankruptcy petition in the United States Bankruptcy Court for the District of Maine. Parker–Danner's complaint was allowed to proceed to trial by a modified stay order of the Bankruptcy Court. The stay order precluded enforcement or collection action with respect to any judgment entered against Nickerson. The Superior Court in this case awarded judgment to Parker–Danner against Nickerson but precluded action to enforce the judgment

without the prior approval of the Bankruptcy Court. Nickerson was awarded judgment on its cross-claim for indemnification against Sibulkin to the extent that Nickerson is required to satisfy Parker–Danner's judgment.

5. Because of the court's finding of knowledge on the part of Sibulkin, we need not address the issue of whether a specific finding of knowledge on the part of the owner is as a matter of law always required in order for consent to be inferred. *See Carey v. Boulette,* 158 Me. 204, 182 A.2d 473 (1962); *Bangor Roofing & Sheet Metal Co. v. Robbins Plumbing Co., Inc.,* 151 Me. 145, 116 A.2d 664 (1955).

erroneous. *Shaw v. Young,* 87 Me. 271, 276, 32 A. 897 (1895).

## II.

The trial of this case lasted one-half day. Sibulkin's case consisted of the testimony of Sibulkin, which ended at noon on the day of the trial. Sibulkin requested permission to call his architect, identified as Rick Haskell, who was unavailable until the next day. Haskell had not been listed as a witness in the Report of Conference of Counsel filed with the court, and Sibulkin had not notified the other parties until two days prior to trial that Haskell was a potential witness. The court sustained the objections of Parker–Danner and Nickerson to Haskell being allowed to testify.

The pretrial order in this case permitted additional previously unlisted witnesses to be called only after court approval, providing for their exclusion for lack of notice upon a showing of prejudice. In excluding the testimony of Haskell, the court erroneously relied on a three-day notice requirement for adding witnesses under M.R. Civ.P. 16(a)(3)(N), a rule no longer effective at the time of trial, and, in any event, not applicable to this case, which was subject to its own pretrial order. Sibulkin argues on appeal that the judgment should be vacated because Haskell's testimony was crucial to his case, would have been admissible under the terms of the pretrial order in the case and was impermissibly excluded following an application of the wrong rule. In addition, he argues that Haskell's testimony was admissible as impeachment or rebuttal evidence.

■ Sibulkin has not preserved the error he raises now on appeal. At trial Sibulkin did not direct the court's attention to the pretrial order in the case nor did he point out the inapplicability of M.R.Civ.P. 16(a)(3)(N). The court was not given the opportunity to consider the admissibility of Haskell's testimony under the pretrial order, the proper standard that should have been applied. *Mattson v. Mattson,* 376 A.2d 473, 477 (Me.1977); *Moulton v. Perkins,* 116 Me. 218, 222, 100 A. 1020 (1917).

Moreover, Sibulkin did not make an offer of proof as to Haskell's expected testimony. It is thus impossible on appeal to properly assess Sibulkin's claims that Parker–Danner would not have been prejudiced by the short notice and that the testimony would have been admissible under the pretrial order, or that the testimony was in the nature of impeachment or rebuttal evidence. M.R.Evid. 103(a)(2) precludes appeals based on a ruling excluding evidence unless a substantial right is affected and "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." By the failure to direct the court's attention to its reliance on the wrong rule in excluding the testimony of Haskell, and by not making an offer of proof as to the nature of that testimony, Sibulkin has not properly preserved for appeal any error the court may have made in its exclusion.

## III.

Sibulkin's final assertion is based on the court's denial of his motion for a new trial. At trial, Nickerson testified that the rental equipment was kept and used regularly at the job site during nearly the entire contract period. At the hearing on the motion for a new trial, Sibulkin presented affidavit evidence that, if believed, contradicted Nickerson's testimony by indicating that the compressor, and to a lesser extent, the rock drill, were used by Nickerson on several occasions at construction projects other than the Avon dam site. Sibulkin argues that the court erred in denying the motion for a new trial because Nickerson's testimony was perjured, was unexpected and a complete surprise, and that a judgment based on perjured testimony should not be allowed to stand.

■ A motion for a new trial under M.R.Civ.P. 59 is directed to the sound discretion of the trial court. *Chenell v. Westbrook College,* 324 A.2d 735, 737 (Me.1974). Newly discovered evidence clearly demonstrating that a verdict or decision was based on perjured testimony could compel a new trial. *See Disch v. Helary, Inc.,* 382

N.W.2d 916, 918–19 (Minn.Ct.App.1986); *see also State v. Brunette,* 501 A.2d 419, 423 (Me.1985). The affidavit evidence actually presented by Sibulkin, however, is not newly discovered and does not clearly demonstrate perjury.

██ The trial court found that the affidavit testimony was not newly discovered evidence entitling Sibulkin to a new trial. *See Town of Eliot v. Burton,* 392 A.2d 56, 58 (Me.1978); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 59-2, at 60–61 (2d ed. 1970 & Supp.1981). Nickerson was a witness listed in the Report of Conference of Counsel, the use of the rental equipment at the Avon job site was an issue of obvious importance to Parker–Danner's case, and Nickerson's testimony was essential to the proof of that case. At the time of trial, Sibulkin's counsel was aware that at least one of the affiants relied upon in the motion for a new trial could have contradicted some of Nickerson's testimony. "When, from the nature of the issue, a party has reasonable cause to anticipate that the point to which certain testimony is applicable, will be controverted, and when, by proper diligence, such party might have obtained the testimony, claimed to be newly discovered, he cannot be said to be taken by surprise at the testimony thus introduced." *Atkinson v. Conner,* 56 Me. 546, 550 (1869).

Moreover, Sibulkin makes no showing that Nickerson testified at trial differently from prior testimony, nor does Sibulkin point to anything that Nickerson previously said or did in regard to the rental of the equipment upon which Sibulkin relied. The court's finding that the affidavit evidence is not newly discovered is not clear error.

In addition, the court made no finding of perjury. The evidence set out in the affidavits, although contradictory to Nickerson's testimony, is not in and of itself sufficient to establish that Nickerson's testimony was perjured. That there are contradictions in the testimony of witnesses does not mean that perjury has been committed. *See Krock v. Electric Motor & Repair Co., Inc.,* 339 F.2d 73, 75 (1st Cir.1964); *see also State v. Cormier,* 535 A.2d 913, 916–17 (Me.1987).

We find no abuse of discretion in the court's denial of the motion for a new trial.

The entry is:

Judgment affirmed.

All concurring.