STATE OF MAINE                                SUPERIOR COURT
CUMBERLAND, ss                                CIVIL ACTION
                                              Docket No. CV-10-376
                                              NM- CUM- 7/27/2011

JOSEPH GELBAND,

                  Plaintiff                   ORDER ON DEFENDANTS'
v.                                            MOTION TO DISMISS

MEGAN BATES and
JILLIAN HILTON,

                  Defendants


Before the court is defendants Megan Bates and Jillian Hilton's joint motion to

dismiss plaintiff Joseph Gelband's complaint against them pursuant to Maine's Anti-

SLAPP Statute, 14 M.R.S.A. § 556. For the following reasons, the motion is denied.

BACKGROUND

The plaintiff alleges that the defendants assaulted him in his residence, and then

called the Portland Police to report that the plaintiff assaulted them. (Compl. ¶¶ 4-5.)

The plaintiff was charged with two counts of aggravated assault. (Compl. ¶ 6.) He was

later indicted on these charges based on the defendants' grand jury testimony. (Compl.

¶¶ 10-11.) The criminal case was eventually dismissed. (Compl. ¶ 12.) The plaintiff

also alleges that the defendants repeated their allegations to friends and others, and

gave out the plaintiff's phone number and e-mail address to friends and others to

enable those persons to harass, intimidate, menace, and threaten the plaintiff. (Compl.

¶¶ 14-16.)

1

The plaintiff filed a complaint with the court and alleges malicious prosecution[1] and intentional infliction of emotional distress.[2] The defendants now move to dismiss the plaintiff's complaint and argue that the allegations relate to the defendants protected right to report the plaintiff to the police.

DISCUSSION

1. SLAPP Lawsuit

A Strategic Lawsuit Against Public Participation, or SLAPP lawsuit, "is litigation without merit filed to dissuade or punish the exercise of First Amendment rights of defendants." Morse Bros., Inc. v. Webster, 2001 ME 70, ¶ 10, 772 A.2d 842, 846 (internal citation omitted). The statute defines the protected "right to petition" to include:

> [A]ny written or oral statement made before or submitted to a legislative, executive or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive or judicial body . . .; or any other statement falling within constitutional protection of the right to petition government.

14 M.R.S.A. § 556; see also Schelling v. Lindell, 2008 ME 59, ¶ 11, 942 A.2d 1226, 1230.

---

[1] To prevail in a malicious prosecution action, a plaintiff must prove, by a preponderance of the evidence, that:
> (1) The defendant initiated, procured or continued a criminal action without probable cause; (2) The defendant acted with malice; and (3) The plaintiff received a favorable termination of the proceedings.

Trask v. Devlin, 2002 ME 10, ¶ 11, 788 A.2d 179, 182 (quoting Davis v. Currier, 1997 ME 199, ¶ 4, 704 A.2d 1207, 1208-09).

[2] A plaintiff must satisfy four elements to recover on a claim of intentional infliction of emotional distress:
> (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from [the defendant's] conduct;
> (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community;
> (3) the actions of the defendant caused the plaintiff's emotional distress; and
> (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Lyman v. Huber, 2010 ME 139, ¶ 16, 10 A.3d 707, 711 (quoting Curtis v. Porter, 2001 ME 158, ¶ 10, 784 A.2d 18, 22-23 (alteration omitted) (quotations omitted)).

2

The statute allows a defendant to file a "special motion to dismiss" that the court will hear "with as little delay as possible." 14 M.R.S.A. § 556; Schelling, 2008 ME 59, ¶ 6, 942 A.2d at 1229. The defendant bears the initial burden of "showing through the pleadings and affidavits that the claims against it are 'based on' the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-68, 691 N.E.2d 935, 943 (Mass. 1998).[3] "Once the defendant demonstrates . . . that the statute applies, the burden falls on the plaintiff to demonstrate that the defendant's activity (1) was without 'reasonable factual support,' (2) was without an 'arguable basis in law,' and (3) resulted in 'actual injury' to the plaintiff." Schelling, 2008 ME 59, ¶ 7, 942 A.2d at 1229 (citing 14 M.R.S.A. § 556). "Actual injury" is defined as requiring "evidence from which damage in a definite amount may be determined with reasonable certainty." Id. 2008 ME 59, ¶ 17, 942 A.2d at 1231 (quoting Maietta Constr., Inc. v. Wainwright, 2004 ME 53, ¶¶ 9-10, 847 A.2d 1169, 1173-74). The court views the evidence in the light most favorable to the moving defendant because the non-moving plaintiff bears the burden of proof. Morse Bros., Inc., 2001 ME 70, ¶ 18, 772 A.2d at 849.

The defendants argue that their report to the Portland Police Department, which resulted in the plaintiff's arrest and which forms the basis of this lawsuit, is a protected "written or oral statement . . . submitted to a[n] . . . executive body" within the meaning of the anti-SLAPP statute. 14 M.R.S.A. § 556; (Compl. ¶¶ 5, 6.). Courts have found that reporting incidents of crime or abuse to the police constitutes a protected exercise of the reporter's right to petition. See Benoit v. Frederickson, 454 Mass. 148, 153, 908 N.E.2d

---

[3] Though the plaintiff faults the defendants' citation to Massachusetts law, the Massachusetts anti-SLAPP legislation is "'nearly identical to 14 M.R.S. § 556.'" See Morse Bros., Inc., 2001 ME 70, ¶ 15, 772 A.2d at 848 (citing and explaining Donovan v. Gardner, 50 Mass. App. Ct. 595, 740 N.E.2d 639, 642 (Mass. App. Ct. 2000)).

3

714, 718 (Mass. 2009) (reporting rape to police is protected petitioning activity); McLarnon v. Jokisch, 431 Mass. 343, 344-45, 349, 727 N.E.2d 813, 815, 818 (Mass. 2000) (mother's call to police to report perceived violation of a restraining order and subsequent efforts to extend order were petitioning activities protected by anti-SLAPP legislation).

The defendants' conduct goes beyond reporting to the Portland Police. The plaintiff alleges that the defendants also falsely testified in front of the grand jury, leading to the plaintiff's indictment. (Compl. ¶¶ 9-11.) In Pylypenko v. Bennett, the Superior Court, facing similar facts, found that reports to the police were protected activities, even when the reports lead to charges for reckless conduct, a court summons, and arrest for failure to appear. 2011 Me. Super. LEXIS 13, *3-4, 26-27 (Feb. 23, 2011). Further, testimony in a criminal proceeding is an "oral statement made before or submitted to a . . . judicial body, [or an] oral statement made in connection with an issue under consideration or review by a . . . judicial body . . . ." 14 M.R.S.A. § 556.

2. Standard of Review

The standard of review of an Anti-SLAPP motion to dismiss "should resemble the standard for reviewing a motion for summary judgment." Morse Bros., Inc., 2001 ME 70, ¶ 17, 772 A.2d at 848. In Liberty v. Bennett, the Law Court affirmed the Superior Court's denial of an Anti-SLAPP motion to dismiss in an unpublished decision. 2009 Me. Unpub. LEXIS 24, *2-3 (Feb. 3, 2009). The Court stated: "By filing a motion without an affidavit, attached copies of or any other factual assertions about his so-called petitions, Liberty failed to meet his initial burden of proving that the anti-SLAPP statute applies." Id. at *2.

4

In this case, neither party submitted affidavits in support of their arguments. The defendants rely on photographs, for which no foundation is established, their motion, and the parties' pleadings. This record is not sufficient to meet their burden.

The entry is

The Defendants' Motion to Dismiss is DENIED.

Date: July 27, 2011

Nancy Mills
Justice, Superior Court

CUM-CV-10-376

| Date Filed | Action | Answer Due Date: | | Docket No. |
|---|---|---|---|---|
| 07-29-10 | OTHER CIVIL | | | CV-10-376 |

| Scheduling Order Issued: | Discovery Deadline: | Jury ☐ Fee Pd. ☐ Non-Jury ☐ | Statement Filed: Order to File Statement: | Length of Trial: | Rule 16(b) ☐ Rule 16(c) ☐ | Pre Trial Issued: |
|---|---|---|---|---|---|---|
| 9-27-10 | 5-27-10 | | | | | 5-6-11 |

**Plaintiff(s)**

*(post 2.6.11 Statement 6.11.11*

JOSEPH GELBAND JR
540 CONGRESS ST
PORTLAND, ME 04101

**Defendant(s)**

✓ ⎰ JULLIAN HILTON — served 7/26/10
   ⎱ MEGAN BATES — served 7/27/10

vs.

**Plaintiff's Attorney(s)**

pro se

**Defendant's Attorney(s)**

Bruce M Merrill, Esq - Jullian Hilton
Peter Rodway, Esq - Megan Bates

| Date | Justice | Action and Comments | Est Time | Not Reached | Cont |
|---|---|---|---|---|---|
| 6-1-11 | | Motion for date certain | | | |
| 6/13/11 | denied | Joint Motion to Dismiss | | | |

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-376
AJM - CuM - 10/2ц/2011

JOSEPH GELBAND, JR.,

Plaintiff

v.

JILLIAN HILTON and
MEGAN BATES,

Defendants

**JUDGMENT**

STATE OF MAINE
Cumberland, ss Office

OCT 26 2011

RECEIVED

Jury-waived trial was held on the plaintiff's complaint and the defendants' counterclaims. The court granted the defendants' Rule 50(d) motion at the close of the plaintiff's case. The court incorporates the findings made on the record into this judgment by reference.

Defendant Hilton seeks damages for assault and battery,[1] intentional infliction of emotional distress,[2] negligence,[3] and negligent infliction of emotional distress[4] and she seeks punitive damages.[5] Defendant Bates seeks damages for assault and battery, intentional infliction of emotional distress, and negligence and she seeks punitive damages.

Jillian Hilton

Ms. Hilton sustained a head laceration with head trauma and a mild closed head injury when the plaintiff struck her several times on November 27, 2007. (Def.'s Exs. 7,

---

[1] Richards v. Town of Eliot, 2001 ME 132, ¶ 31, n. 8, 780 A.2d 281; Hartnett v. Hartnett, 1993 Me. Super. LEXIS 79, *5 (May 17, 1993) (citing Restatement (Second) of Torts §§ 13, 21).
[2] Barnes v. Zappia, 658 A.2d 1086, 1090 (Me. 1995).
[3] Davis v. Dionne, 2011 ME 90, ¶ 8, 26 A.3d 801.
[4] Curtis v. Porter, 2001 ME 158, ¶ 18, 784 A.2d 18.
[5] See Tuttle v. Raymond, 494 A.2d 1353, 1361–62 (Me. 1985).

1

11–13.) There was a possible loss of consciousness and she endured nausea and dizziness. (Def.'s Ex. 9.) She received sutures at the Maine Medical Center emergency room. She has a scar at her hairline as a result of the laceration. She was given a prescription at the emergency room and instructed not to drive. (Id.) Ms. Hilton did not lose any work because she could not jeopardize her job.

Ms. Hilton was traumatized emotionally and physically by the plaintiff. She had, on occasion, a difficult time testifying at trial about the effect of the plaintiff's conduct toward her, especially when she was shown the photographs of her injuries. (Def.'s Exs. 11–13.) She had considered the plaintiff a friend and could not understand why he struck her. She described herself as "sad" and "a mess." She did not want to cooperate in the criminal proceeding. She simply wanted the matter to end. Her anxiety and emotional distress remained for months after the incident.

Megan Bates

Ms. Bates sustained a head laceration when the plaintiff struck her several times on November 27, 2007. (Def.'s Exs. 8, 10, 14, 15.) She did not lose consciousness. She received sutures at the Maine Medical Center emergency room. (Def.'s Ex. 10.)

She was extremely anxious and fearful at the time of the incident. Nothing like this event had ever happened to her. Her emotional distress continued as the criminal proceedings remained pending. As of the time of trial, she had no persistent side effects resulting from the incident. Ms. Bates lost one day of work.

Officer Hondo described the two defendants as crying and cowering when he arrived. The officer described the plaintiff as calm, collected, coherent, and smoking a cigarette. The plaintiff stated to the officer that he "may have hurt the girls." The plaintiff's tortious conduct was without justification and was motivated by ill will toward the defendants.

2

The entry is

On Counts I of Defendant Jillian Hilton's Counterclaim, Judgment is entered in favor of Defendant Jillian Hilton and against Plaintiff Joseph Gelband in the amount of $15,000.00 plus prejudgment interest at the rate of 3.41%, post-judgment interest at the rate of 6.30%, plus costs.

On Count V of Defendant Jillian Hilton's Counterclaim, Judgment is entered in favor of Defendant Jillian Hilton and against Plaintiff Joseph Gelband in the amount of $10,000.00 plus prejudgment interest at the rate of 3.41%, post-judgment interest at the rate of 6.30%.

On Counts II, III, and IV of Defendant Jillian Hilton's Counterclaim, Judgment is entered in favor of Plaintiff Joseph Gelband and against Defendant Jillian Hilton.

On Count I of Defendant Megan Bates's Counterclaim, Judgment is entered in favor of Defendant Bates and against Plaintiff Joseph Gelband in the amount of $10,000.00 with prejudgment interest at the rate of 3.41%, post-judgment interest in the amount of 6.30%, plus costs.

On Count IV of Defendant Megan Bates's Counterclaim, Judgment is entered in favor of Defendant Bates and against Plaintiff Joseph Gelband in the amount of $10,000.00 with prejudgment interest at the rate of 3.41%, post-judgment interest in the amount of 6.30%.

On Counts II and III of Defendant Bates's Counterclaim, judgment is entered in favor of the Plaintiff Joseph Gelband and against Defendant Megan Bates.

Date: October 26, 2011

Nancy Mills
Justice, Superior Court

3

JOSEPH GELBAND SR
540 CONGRESS ST
PORTLAND ME 04101

PETER RODWAY ESQ          ß aH)
PO BOX 874
PORTLAND ME 04104

BRUCE MERRILL ESQ    Ll./for
225 COMMERCIAL ST
SUITE 501
PORTLAND ME 04101

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-376
*N M - C U M - 2/24/2012*

JOSEPH GELBAND, JR.,

      Plaintiff

      v.

JILLIAN HILTON and
MEGAN BATES,

      Defendants

ORDER ON PLAINTIFF'S
MOTIONS

STATE OF MAINE
Cumberland, ss. Clerk's Office

FEB 24 2012

RECEIVED

After an eight-month period of discovery and a discovery conference with the court, a two-day jury-waived trial was held on the plaintiff's complaint and the defendants' counterclaims. The court granted the defendants' Rule 50(d) motion on all claims in the plaintiff's complaint at the close of the plaintiff's case. The court issued a written decision on the defendants' counterclaims.

Before the court is the plaintiff's "motion to vacate judgment, for new trial or taking of additional testimony, alter and/or amend judgment, reconsideration of findings of fact, and other post-judgment relief."[1] The defendants oppose the motion and request as Rule 11 sanctions an award of attorneys' fees incurred in responding to the plaintiff's post-trial motions.

New Trial

"A court need not grant a motion for a new trial or a motion under Rule 59(e) unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done. Furthermore, when the trial is before a judge without a jury,

---

[1] The plaintiff has provided no trial transcript to assist the court in ruling on his motion.

1

such motions must be based on a manifest error of law or mistake of fact." <u>Cates v.</u> <u>Farrington</u>, 423 A.2d 539, 541 (Me. 1980).

<u>New Evidence</u>

The plaintiff offers a photograph of the boiler in his apartment, an affidavit, and a series of e-mails to discredit the testimony of the defendants. When requesting "a new trial based on newly discovered evidence, the movant must establish '(1) that the new evidence is such that it will probably change the result upon a new trial, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue, and (5) that [it] is not merely cumulative or impeaching.'" <u>Chiapetta v. Lumbermens Mut. Ins. Co.</u>, 583 A.2d 198, 202 (Me. 1990) (quoting <u>Town of Eliot v. Burton</u>, 392 A.2d 56, 58 (Me. 1978)). "Newly discovered evidence clearly demonstrating that a verdict or decision was based on perjured testimony could compel a new trial." <u>Parker-Danner Co. v. Nickerson</u>, 554 A.2d 1193, 1195 (Me. 1989). Contradictions in the witnesses' testimony do not mean that perjury has been committed. <u>Id.</u> at 1196. "When, from the nature of the issue, a party has reasonable cause to anticipate that the point to which certain testimony is applicable, will be controverted, and when, by proper diligence, such party might have obtained the testimony, claimed to be newly discovered, he cannot be said to be taken by surprise at the testimony thus introduced." <u>Id.</u> (quoting <u>Atkinson v. Conner</u>, 56 Me. 546, 550 (1869)).

<u>Additional Findings</u>

The purpose of motions for findings of additional facts pursuant to M.R. Civ. P. 52(b) is to seek specific fact-findings to support conclusions not already addressed by facts found in the court's opinion. Such motions should concisely indicate the conclusions on which additional fact-finding is desired and, in best practice, suggest particular facts to be found that are supported by the record and are relevant to the conclusion at issue. Once the court has found the facts, it is not required to explain the

2

rationale used to support each finding of fact or conclusion of law. Requests for additional fact-findings pursuant to M.R. Civ. P. 52(b) should not be used to attempt to require the court to explain its reasoning in reaching a particular result or to reargue points that were contested at trial and have been resolved by the court's decision.

Wandishin v. Wandishin, 2009 ME 73, ¶¶ 18–19, 976 A.2d 949 (internal citations omitted).

The plaintiff has not suggested particular facts to be found that are supported by the record and are relevant to the conclusion at issue. Instead, the plaintiff essentially seeks to change the credibility determinations made by the court. He has not established the criteria required for a new trial based on new evidence. The court concludes that the proffered evidence would not in any way change the result if a new trial was ordered. No manifest error of law or mistake of fact was made.

Emotional Distress

Judgment was entered in favor of the defendants on their claims for assault and battery and punitive damages. Judgment was entered in favor of the plaintiff on the claims for intentional and negligent infliction of emotional distress.

On a claim for assault and battery, compensatory damages may be awarded without proof of pecuniary loss and include compensation for bodily harm and emotional distress. Restatement (Second) of Torts § 905 (1979). The principal element of damages in actions for assault and battery is frequently the "disagreeable emotion experienced by the plaintiff." Restatement (Second) of Torts § 905, cmt. c (1979). "As stated in [Restatement] § 912, Comment *b*, there is no rule of certainty with reference to the amount of recovery permitted for any particular type of emotional distress; the only limit is such an amount as a reasonable person could possibly estimate as fair compensation . . . The extent and duration of emotional distress produced by the tortious conduct depend upon the sensitiveness of the injured person. The court,

3

however, will not permit consideration of disturbances which, conceding full weight to individuality, are wholly abnormal and unreasonable." Restatement (Second) of Torts § 905 cmt. i (1979).

The defendants were not required to prove they suffered extreme emotional distress to recover damages for emotional distress on their assault and battery claim. Cf. Curtis v. Porter, 2001 ME 158, ¶¶ 10, 20, 784 A.2d 18 (intentional and negligent infliction of emotional distress).

## Statute of Limitations

"A statute of limitations defense is an affirmative defense which is not preserved unless asserted in a timely manner." Schindler v. Nilsen, 2001 ME 58, ¶ 17 n.7, 770 A.2d 638 (citations omitted). A statute of limitations defense is procedural or technical in nature and does not depend on or reflect the merits of the case. Palmer Dev. Corp. v. Gordon, 1999 ME 22, ¶ 5, 723 A.2d 881 (citing Lackner v. LaCroix, 602 P.2d 393, 395 (Cal. 1979)).

The plaintiff raised this affirmative defense in his response to defendant Hilton's counterclaim. He did not raise this defense in his response to defendant Bates's counterclaim. The defense was not raised in any pretrial proceedings or by motions at trial; the defense was not mentioned or argued at trial.[2] See Kasu Corp. v. Blake, Hall & Sprague, 540 A.2d 1112, 1113 (Me. 1988).

## Misconduct by Defense Counsel

The plaintiff argues that defense counsel violated rules 3.3, 3.4, and 8.4 of the Maine Rules of Professional Conduct.[3] The plaintiff contends that defense counsel counseled

---

[2] For example, the plaintiff made no request that the court take judicial notice of the pleadings and the date of the filing of the complaint.

[3] He also argues that Superior Court Rule 35(b)(1) was violated.

4

inaccurate responses to requests for admissions. He bases his argument on an audio

disc played at trial and an audio disc produced in discovery.

Rule 3.3(a) provides:

A lawyer shall not knowingly:
(1) make a false statement of fact or law to a tribunal or fail to correct a false
statement of material fact or law previously made to the tribunal by the
lawyer;

. . .

(3) offer evidence that is false. If a lawyer, the lawyer's client, or a witness
called by the lawyer, has offered material evidence and the lawyer comes to
know of its falsity, the lawyer shall take reasonable remedial measures,
including, if necessary, disclosure to the tribunal. A lawyer may refuse to
offer evidence that the lawyer reasonably believes is false, except a lawyer in
a criminal matter may not refuse to offer the testimony of a defendant, unless
the lawyer knows from the defendant that such testimony is false.

Rule 3.4(b)–(c) provides:

A lawyer shall not:
(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an
inducement to a witness that is prohibited by law;
(c) knowingly disobey an obligation under the rules of a tribunal except for
an open refusal based on an assertion that no valid obligation exists.

Rule 8.4(a) provides:

It is professional misconduct for a lawyer to: (a) violate or attempt to violate
any provision of either the Maine Rules of Professional Conduct or the Maine
Bar Rules, or knowingly assist or induce another to do so, or do so through
the acts of another.

The plaintiff's allegations against defense counsel are serious and without merit. In

addition, his statement that defendant Hilton testified that "she signed a false response"

is not accurate.

Rule 11 Sanctions

The defendants request attorneys' fees incurred in responding the plaintiff's post-

trial motion. Rule 11 provides:

The signature of an attorney or party constitutes a representation by the
signer that the signer has read the pleading or motion; that to the best of
the signer's knowledge, information, and belief there is good ground to

5

support it; and that it is not interposed for delay . . . . If a pleading or motion is signed with intent to defeat the purpose of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, upon a represented party, or upon both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading or motion, including a reasonable attorney's fee.

M.R. Civ. P. 11(a); see Twomey v. Twomey, 2005 ME 124, ¶ 11, 888 A.2d 272 (applying Rule 11 to unrepresented party); Fraser Employees Fed. Credit Union v. Labbe, 1998 ME 71, ¶ 9, 708 A.2d 1027 (imposing sanctions for a Rule 11 violation).

The plaintiff is a law school graduate and was admitted to practice law in New York. These post-trial motions are without factual basis or merit. The court concludes further that the motions were filed to prolong this litigation, which the plaintiff appears to enjoy.

The entry is

> The Plaintiff's Motion to Vacate Judgment, for New Trial or Taking of Additional Testimony, Alter and/or Amend Judgment, Reconsideration of Findings of Fact, and other Post-Judgment Relief is DENIED.
>
> The Defendants' Requests for Sanctions pursuant to M.R. Civ. P. 11 are GRANTED. Within 20 days of the date of this Order, the Defendants' Counsel will file an affidavit, which complies with Gould v. A-1 Auto, Inc., 2008 ME 65, ¶ 13, 945 A.2d 1225, of attorneys' fees incurred in responding to the Plaintiff's Post-Trial Motion.

Date: February 23, 2012

Nancy Mills
Justice, Superior Court

6

JOSEPH GELBAND, JR         PL

540 CONGRESS ST PORTLAND ME 04101

JILLIAN HILTON         DEF

MERRILL, BRUCE    Tel# (207) 775-3333

225 COMMERCIAL ST., SUITE 501   PORTLAND ME 04101

MEGAN BATES         DEF

RODWAY, PETER   Tel# (207) 773-8449

30 CITY CENTER, 2ND FLOOR PO BOX 874 PORTLAND ME 04104